# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-2461

———————

United States of America,          *
                                   *
         Appellee,                 *
                                   *   Appeal from the United States
    v.                             *   District Court for the
                                   *   District of Nebraska.
Oscar Martin Rodriguez Cisneros, also   *
known as Ruben Hernadez, Jr., also *   [UNPUBLISHED]
known as Jose, also known as Poncho,   *
                                   *
         Appellant.                *

———————

Submitted: April 16, 2008
Filed: April 21, 2008

———————

Before BYE, SMITH, and BENTON, Circuit Judges.

———————

PER CURIAM.

Oscar Martin Rodriguez Cisneros challenges the concurrent prison terms of 151 months the district court[1] imposed after he pleaded guilty to two drug offenses. His counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967). Cisneros has not filed a pro se supplemental brief, but has filed a

———————

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

motion to amend his counsel's brief and a supplement to his motion. For the reasons discussed below, we grant the motions of Cisneros and his counsel, and affirm.

Counsel argues that the district court erred because, in determining the drug quantity attributable to Cisneros, it relied on a witness who gave inconsistent testimony and is a known methamphetamine user. After careful review, we conclude that the district court did not clearly err in determining drug quantity. *See United States v. Carpenter*, 422 F.3d 738, 748 (8th Cir. 2005) (district court's findings of fact regarding quantity of drugs attributed to defendant is reviewed for clear error); *United States v. Titlbach*, 300 F.3d 919, 923 (8th Cir. 2002) (court of appeals will disturb sentencing court's drug-quantity calculation only if entire record definitely and firmly convinces court that mistake has been made); *United States v. Dierling*, 131 F.3d 722, 736 (8th Cir. 1997) (sentencing court's credibility assessment is nearly unreviewable on appeal); *see also United States v. Mickelson*, 378 F.3d 810, 822 (8th Cir. 2004) (testimony of co-conspirators is sufficient evidence on which court may base quantity of drugs used for sentencing).

In his pro se motion, Cisneros asserts that his sentence should be based on only the drugs in his possession at the time of his arrest. We disagree. *See United States v. Brown*, 499 F.3d 817, 824-25 (8th Cir. 2007) (district court did not clearly err in relying on witness's testimony regarding previous drug sales in determining drug quantity), *cert. denied*, 128 S. Ct. 1222 (2008).

After carefully reviewing the record in accordance with *Penson v. Ohio*, 488 U.S. 75 (1988), we have found no nonfrivolous issues.

Accordingly, we grant the pending motions and affirm.

_____